[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12127

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTIAN BROWN,
a.k.a. Fat Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20391-KMW-1

_____

Before Luck, Lagoa, and Black, Circuit Judges.

PER CURIAM:

Christian Lee Brown, a counseled federal prisoner, appeals following the district court's denial of his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by section 603(b) of the First Step Act.[1]  In denying the motion, the district court found Brown's health concerns did not constitute an extraordinary and compelling reason warranting relief and that the 18 U.S.C. § 3553(a) factors did not support release.  In his counseled brief on appeal, Brown asserts the district court failed to consider whether it could have placed him on supervised release, but he does not otherwise expressly refer to the § 3553(a) factors and does not argue they weighed in favor of his release.  He also asserts the district court abused its discretion when it found he did not have extraordinary and compelling reasons warranting release based on his health conditions and he contends our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), is contrary to the First Step Act.  After review,[2] we affirm.

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[2] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The statute provides a court may not modify a term of imprisonment once it has been imposed except under certain circumstances. 18 U.S.C. § 3582(c). In the context of compassionate release, the statute provides:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). It is the defendant's burden to show his circumstances warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Brown does not adequately argue against the district court's finding that the § 3553(a) factors did not merit his release. Although he argues a supervised release sentence was not available to

him at his initial sentencing, he does not meaningfully challenge the district court's finding the § 3553(a) factors did not merit his release, other than in a perfunctory way. *See Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating an appellant abandons a claim where he makes only a passing reference to it or refers to it in a perfunctory manner without authority or argument in support). As such, arguments in this regard are therefore abandoned, and we may consider the issue forfeited. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (explaining forfeiture is the failure to make a timely assertion of a right, and the failure to raise an issue in an initial brief on direct appeal is treated as forfeiture of the issue). Further, to the extent the § 3553(a) factors determination was an alternate independent ground for denying his renewed motion, his failure to expressly challenge it means we can affirm for this reason. *See Sapuppo*, 739 F.3d at 680 (stating when an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground and the judgment is due to be affirmed).

Even if Brown has sufficiently preserved his challenge to the § 3553(a) factors, we conclude that it still fails. The district court put great weight on Brown's criminal history, his status as an armed career criminal, and the seriousness of his offense conduct, and it had the discretion to put great weight on those factors. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the

sound discretion of the district court."). It did not explicitly state it considered each factor or enumerate the factors, but it did not have to do so. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (explaining generally, when a district court considers the § 3553(a) factors, it need not state on the record that it has explicitly considered each of them or discuss each of them). Additionally, his assertion the district court did not consider the kinds of sentences available at the time of his initial sentencing or his self-created release plan did not meet his burden of showing the sentencing factors merited relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Because we affirm the district court's consideration of the § 3553(a) factors, we need not address whether Brown identified an "extraordinary and compelling reason" for his release.[3] *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021) (stating the district court need not conduct the compassionate release analysis in any particular order and the absence of even one condition—the § 3553(a) factors favoring the release, extraordinary and compelling reasons for the release, and the reduction not endangering any person or the community—would foreclose a sentence reduction). Therefore, we affirm the decision of the district court.

---

[3] As we do not address Brown's "extraordinary and compelling reason" arguments, we DENY the "Government's Sealed Motion to Supplement the Record with Brown's One Page Medical Record." To the extent the motion is construed as including a request to seal the motion to supplement the record, the motion to seal is GRANTED.

6                          Opinion of the Court                      21-12127

AFFRIMED.